[Cite as *In re K.J.B.*, 2018-Ohio-3159.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                         )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

IN RE: K.J.B.                             C.A. No.      29012

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      DN16-03-000198

DECISION AND JOURNAL ENTRY

Dated: August 8, 2018

CALLAHAN, Judge.

{¶1} Appellant, O.B. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child and placed the child in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Mother is the biological mother of K.J.B., born January 13, 2011. The child's father ("Father") did not actively participate in the trial court proceedings and did not appeal from the trial court's judgment.

{¶3} On March 14, 2016, CSB filed a complaint, alleging that K.J.B. was a neglected and dependent child because Mother had been arrested for felony cocaine possession and told the police that K.J.B. was at her home with several unrelated adults and she did not want him to stay there. Police removed K.J.B. from Mother's home, which was cluttered, filthy, infested with

bugs, and had no food for the child. K.J.B. was later adjudicated a neglected and dependent child and was placed in the temporary custody of CSB.

{¶4} Mother has a lengthy history of substance abuse and related criminal convictions. In addition to resolving her criminal and substance abuse problems, the case plan required Mother to obtain a mental health assessment, follow any treatment recommendations, and obtain stable income and housing. In her separate criminal drug possession case, Mother was accepted into a treatment in lieu of conviction program, which could have enabled her to resolve her criminal case and comply with the substance abuse component of the case plan in this case. She failed to complete a drug treatment program, however, and continued to test positive for drugs. Mother also failed to comply with the mental health and other components of the case plan.

{¶5} Because K.J.B. suffers from mental health and behavioral problems, he was moved between several temporary placements during this case. Although CSB actively pursued placing K.J.B. with relatives throughout this case, some of them were found to be ineligible because of their own criminal problems, others backed out, and one temporary relative placement disrupted after two months because the relative was not properly meeting the child's needs.

{¶6} CSB eventually moved for permanent custody of K.J.B. Mother alternatively moved for legal custody of the child. Following a hearing on the competing dispositional motions, the trial court terminated Mother's parental rights and placed K.J.B. in the permanent custody of CSB.

{¶7} Mother appeals and raises two assignments of error. For ease of discussion, this Court will address her assigned errors together.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S DECISION IS INAPPOSITE TO ITS FINDINGS. THE TRIAL COURT ACKNOWLEDGED THAT "PERMANENT CUSTODY IS NOT THE ONLY MEANS TO PROVIDE [THE CHILD] WITH A LEGALLY SECURE PERMANENT PLACEMENT," YET GRANTED PERMANENT CUSTODY TO [CSB].

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS GRANT OF PERMANENT CUSTODY TO [CSB], AND THE DECISION OF THE TRIAL COURT TO TERMINATE THE PARENTS' RIGHTS WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} Mother's assignments of error are that the trial court's best interest findings do not legally support the judgment and that the trial court's judgment was not supported by the evidence presented at the hearing. Because Mother's first assignment of error is a legal argument that pertains to the final statutory best interest factor, that argument will be addressed within the context of this Court's review of the evidence supporting the best interest factors.

{¶9} Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; the child or another child in a parent's custody has been adjudicated abused, neglected, or dependent on three separate occasions; or the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

**{¶10}** Mother does not dispute the trial court's finding that the first prong of the permanent custody test was satisfied because K.J.B. had been in the temporary custody of CSB for at least 12 of 22 months at the time it moved for permanent custody. R.C. 2151.414(B)(1)(d). Mother challenges only the trial court's finding that permanent custody was in the best interest of K.J.B.

**{¶11}** When determining the child's best interest under R.C. 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, and the need for permanence in the child's life. *See In re R.G.,* 9th Dist. Summit Nos. 24834, 24850, 2009-Ohio-6284, ¶ 11. Although the trial court is also required to consider whether any of the factors set forth in R.C. 2151.414(E)(7) to (11) apply to the facts of the case, none of those factors are relevant in this case. *See* R.C. 2151.414(D)(1)(e).

**{¶12}** Mother visited K.J.B. fairly consistently and interacted appropriately with him at the family interaction center, but her visits during this two-year case never expanded beyond supervised visits because she failed to comply with the substance abuse and mental health components of the case plan. Mother has struggled with substance abuse and related criminal convictions for more than a decade.

**{¶13}** When this case began, Mother had been arrested for possession of cocaine. She later entered a guilty plea in her criminal case and was accepted into the intervention in lieu of conviction program. By the time of the permanent custody hearing two years later, however, the probation officer who supervised the program testified that Mother had not complied with the program's treatment or sobriety goals. Mother tested positive for cocaine as recently as one

week earlier, so the probation officer testified that she would recommend that Mother be terminated from the program.

{¶14} The wishes of seven-year-old K.J.B. were expressed through the reports and testimony of the guardian ad litem. The child had initially expressed a desire to return to Mother's custody. By the time of the final dispositional hearing more than two years later, however, K.J.B. had been consistently telling the guardian ad litem that he did not want to return to Mother's home. At the time of the hearing, K.J.B. wanted to remain with the current foster family, with whom the child had lived for four months. The guardian ad litem also expressed her opinion that permanent custody was in the child's best interest because, for more than two years, Mother had done little to resolve her substance abuse and mental health problems and her life continued to be unstable. Although Mother purported to have suitable housing, she had never allowed the guardian ad litem into her home.

{¶15} K.J.B. had spent more than two years moving between temporary placements and was in need of a legally secure permanent home. The continual moving from place to place had only exacerbated K.J.B.'s mental health and behavioral problems.

{¶16} The final best interest factor required the trial court to consider "[t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency[.]" R.C. 2151.414(D)(1)(d). Mother asserts that, because the trial court found that "[p]ermanent custody is not the only means to provide [K.J.B.] with a legally secure permanent placement[,]" the trial court's decision is legally deficient.

{¶17} The parties dispute whether there was a clerical error that was subsequently corrected by the trial court because the original record that was filed in this appeal failed to

include a journal entry to modify that part of the trial court's permanent custody decision. During the pendency of this appeal, however, CSB moved to supplement the record with the correcting entry. It attached a time-stamped copy of the order and noted that the order was listed as one of the journal entries that had been filed in the trial court. For the reasons set forth in the agency's motion, and because no other party filed a brief in opposition, this Court granted CSB's motion to supplement the record.

{¶18} The supplemental record reveals that the trial court corrected its original permanent custody judgment to find that "[p]ermanent [c]ustody is **now** the only means to provide [K.J.B.] with a legally secure permanent placement." In its original judgment, the trial court explained that, although some relatives and a family friend had expressed an interest in providing a stable home for K.J.B., none of them had moved for legal custody. The record also reveals that no friends or relatives came to the permanent custody hearing to testify. The kinship placement proposed by Mother was the home of a friend who had only recently contacted CSB, did not attend the hearing, and had not seen K.J.B. for "a couple years." As the trial court also emphasized, the case had reached the two-year sunset date, so the court could not extend temporary custody any longer to enable another person to seek legal custody. *See* R.C. 2151.353(G).

{¶19} The trial court reasonably concluded that permanent custody was in the best interest of K.J.B. Mother has failed to demonstrate that the trial court's permanent custody decision was not supported by clear and convincing evidence. Her assignments of error are overruled.

III.

**{¶20}** Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting Attorney, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.