[Cite as *Black v. Ohio Dept. of Dev. Disabilities*, 2023-Ohio-3640.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tammie Black, | : | |
| Plaintiff-Appellant, | : | No. 23AP-142 |
| | | (C.P.C. No. 22CV-8312) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Developmental | : | |
| Disabilities, | | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on October 5, 2023

**On brief:** *Tammie Black*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Bradley R. Steen*, for appellee. **Argued:** *Bradley R. Steen*.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Tammie Black, appeals, pro se, from the January 24, 2023 judgment of the Franklin County Court of Common Pleas dismissing her administrative appeal against defendant-appellee, the Ohio Department of Developmental Disabilities ("ODDD"), in the trial court for lack of subject-matter jurisdiction. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} In 2021, Ms. Black was certified by ODDD to provide services to individuals with developmental disabilities under the Individual Options Waiver, Level One Options Waiver, and Self-Employed Life Funding Waiver programs. As an agency provider, Ms.

Black was subject to periodic compliance review by ODDD. *See* Ohio Adm.Code 5123-2-04.

{¶ 3} On October 13, 2021, Ms. Black was notified of a provider compliance review by a review specialist with the Franklin County Board of Developmental Disabilities, the county-level agency responsible for providing training to providers and completing review processes on behalf of ODDD. *See* Ohio Adm.Code Chapter 5123-4. (Dec. 22, 2022 Record of Proceedings at Ex. 3, Affidavit of Theresa Ryan.) Between October 27, 2021 and November 10, 2021, the review specialist contacted Ms. Black numerous times about completing a provider compliance review pursuant to Ohio Adm.Code 5123-2-04 to no avail. (*See* Record of Proceedings at Ex. 3, Affidavit of Theresa Ryan.)

{¶ 4} ODDD notified Ms. Black of its intention to revoke her provider certifications due to her failure to continue to meet the applicable standards—namely the requested compliance review—in a letter dated November 23, 2021 and sent via Certified Mail. (Record of Proceedings at Ex. 1.) The letter also informed Ms. Black she was entitled to an administrative hearing to contest ODDD's proposed revocation if she mailed a written request for a hearing within 30 days of ODDD's November 23rd letter. (*See* Record of Proceedings at Ex. 1.) ODDD's letter was not delivered to Ms. Black, however, and the stated reason on the return envelope was refusal of service. (*See* Record of Proceedings at Ex. 2.) Nonetheless, ODDD sent an identical letter, dated December 29, 2021, to Ms. Black via regular U.S. mail. (Record of Proceedings at Ex. 3.)

{¶ 5} Ms. Black did not timely request a hearing to contest the proposed revocation. (Record of Proceedings at Ex. 4.[1]) Accordingly, on February 17, 2022, ODDD's director issued an adjudication order finding Ms. Black's failure to cooperate with the compliance review process constituted misfeasance and nonfeasance under R.C. 5123.166(B)'s standard for revocation of certifications. (Record of Proceedings at Ex. 4.) Based on that finding, ODDD's director ordered Ms. Black's certifications be revoked. (Record of Proceedings at Ex. 4.)

---

[1] Although ODDD's December 22, 2022 record of proceedings listed the February 17, 2022 adjudication order as Exhibit 4 in its index, that document was not included with the record of proceedings filed on that date. Realizing this error, ODDD filed a supplemental exhibit to the administrative record on January 4, 2023 notifying the trial court of this inadvertent omission and attaching a copy of the adjudication order marked as Exhibit 4.

**{¶ 6}** ODDD notified Ms. Black of its adjudication order in a letter dated February 17, 2022 and sent via Certified Mail. (Record of Proceedings at Ex. 4.) That letter also informed Ms. Black of the procedures she was required to follow if she sought to appeal from the adjudication order in the common pleas court, stating as follows:

> This order may be appealed to the common pleas court of the county in which you reside by filing a notice of appeal with the court setting forth the order appealed and the grounds of the appeal. The notice of appeal must state that [ODDD's] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, pursuant to O.R.C. 119.12. The notice of appeal must also be filed with the Ohio Department of Developmental Disabilities. The notice of appeal must be filed with the Court **and** with the Ohio Department of Developmental Disabilities within 15 days from the date this notice was mailed to you.

(Emphasis sic.) (Record of Proceedings at Ex. 4.) The February 17, 2022 letter was returned to ODDD in April 2022 as "not deliverable as addressed." (Record of Proceedings at Ex. 5.)

**{¶ 7}** Several months later, ODDD sent an identical letter containing the February 17, 2022 adjudication order rendered by ODDD's director to Ms. Black via Certified Mail. (*See* Record of Proceedings at Ex. 6.) This letter, dated September 22, 2022, was successfully delivered on October 5, 2022. (Record of Proceedings at Ex. 7.) Pursuant to R.C. 119.12(D), Ms. Black was obligated to file a notice of appeal with ODDD and the trial court by October 7, 2022. It is undisputed that she failed to do so.

**{¶ 8}** Ms. Black nonetheless filed, pro se, a notice of appeal in the court of common pleas on November 29, 2022. Recognizing her delayed filing, Ms. Black contemporaneously filed a letter explaining to the trial court why she sought to commence an administrative appeal 53 days after the deadline to appeal from the director's adjudication order had expired. (*See* Nov. 29, 2022 Ex.) Ms. Black also emailed a copy of the notice of appeal to ODDD's director and general associate counsel on November 29, 2022. (*See* Record of Proceedings at Exs. 10, 11, 12, 13, and 14.)

**{¶ 9}** On January 9, 2023, ODDD moved to dismiss Ms. Black's administrative appeal for lack of subject-matter jurisdiction pursuant to R.C. 119.12. It contended that Ms. Black had failed to properly invoke the trial court's subject-matter jurisdiction over this matter because her notice of appeal was not timely filed and did not include the content

required by R.C. 119.12(D). (Jan. 9, 2023 Mot. to Dismiss at 6-7.) ODDD also argued judicial review was improper because Ms. Black did not first exhaust her administrative remedies, specifically citing her failure to request the administrative hearing described in ODDD's November and December 2021 letters to Ms. Black. (Mot. to Dismiss at 7-8.) Ms. Black did not file any written response to ODDD's motion.

{¶ 10} On January 24, 2023, the trial court issued a judgment entry granting ODDD's motion to dismiss and ordered dismissal of the case for lack of subject-matter jurisdiction. Ms. Black filed a timely notice of appeal from that judgment on March 1, 2023. On appeal, she asserts a sole assignment of error for our review:

> THE TRIAL COURT ERRED IN THE DISMISSAL OF [MS. BLACK'S] CASE.

## II. LEGAL ANALYSIS

{¶ 11} Although Ms. Black's sole assignment of error alleges the trial court erred in dismissing her case, the merit brief she filed in this case failed to address the merits of the trial court's decision to order dismissal. (*See* May 8, 2023 Amended Brief of Appellant.) ODDD's brief addressed this failure and argued the merits of the trial court's judgment ordering dismissal. (*See* May 19, 2023 Brief of Appellee.) Ms. Black filed a reply brief with this court on May 30, 2023. ODDD has moved this court for an order striking the entirety of Ms. Black's reply brief. (June 2, 2023 Mot. to Strike.)

{¶ 12} We first address ODDD's motion to strike. Next, we address the arguments raised by Ms. Black on appeal. Finally, we turn to the merits of the trial court's January 24, 2023 judgment entry dismissing the case below.

### A. Motion to Strike Ms. Black's Reply Brief

{¶ 13} In support of its motion to strike Ms. Black's entire reply brief, ODDD contends the reply brief fails to respond to arguments raised in ODDD's merit brief. ODDD posits that paragraphs 2 through 17 (out of a total of 17 numbered paragraphs), as well as the unnumbered conclusion, are comprised of "almost entirely personal statements intended [improperly] to supplement the record." (Mot. to Strike at 3-4.) And, ODDD takes issue with the first paragraph because it contains a legal argument—alleging the trial court's judgment "is not in accordance with law, pursuant to O.R.C. 119.12"—not first raised

in Ms. Black's merit brief.  (*See* Mot. to Strike at 3-4.  *See also* Reply Brief of Appellant at 3.)  Ms. Black filed no written response to ODDD's motion to strike.

{¶ 14}  Pursuant to App.R. 16(C), an appellant may file a brief "in reply to the brief of the appellee."  The purpose of a reply brief is to afford the appellant an opportunity to respond to the appellee's brief, not to raise an issue for the first time.  *State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47.  Therefore, we generally will not address an argument raised for the first time in a reply brief.  *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50.  And, because " '[a]ppellate review is limited to the record as it existed at the time the trial court rendered its judgment[,]' " we " 'cannot add matter to the record before [us], which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' "  (Citations omitted.)  *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, quoting *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14.  *See also U.S. Bank Trust Natl. Assn. v. Williams*, 10th Dist. No. 21AP-576, 2022-Ohio-4590, ¶ 24.  Indeed, pursuant to Local Rule 9.1 of this court, we generally do "not accept new evidence on appeal that is offered to expand upon the record of evidence heard by the trial court, or otherwise offered to support or rebut the adjudicative facts determined by the trial court."

{¶ 15}  Upon review, we find Ms. Black makes no substantive legal arguments, does not cite to the record, and presents no legal authority as support in her reply brief.  We further find her reply brief contains factual allegations not reflected in the existing factual record before this court.  Indeed, we note Ms. Black's reply brief is formatted in a manner akin to an affidavit and is almost exclusively comprised of Ms. Black's personal statements about facts outside of the record before us.  And, we find Ms. Black did not present any arguments regarding the trial court's failure to comply with R.C. 119.12 in her merit brief.

{¶ 16}  Although we find ODDD's arguments about the impropriety of Ms. Black's reply brief to be well-taken, it is unnecessary to formally strike from the record arguments and factual allegations improperly presented in her reply brief.  *See, e.g., Hadden Co., L.P.A. v. Zweier*, 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 15.  We confine our analysis in this case to those arguments properly presented and consider only factual allegations supported by the record below.  For these reasons, we deny ODDD's motion to strike.

### B. Ms. Black's Arguments in Support of Her Sole Assignment of Error

{¶ 17} The focus of the argument properly before this court solely relates to the clerk's delay in printing and mailing the January 24, 2023 judgment entry to Ms. Black. On appeal, Ms. Black takes issue with the fact that the case below "was immediately closed and dismissed with prejudice" after the trial court entered its January 24, 2023 judgment ordering precisely that. (Brief of Appellant at 7.) Ms. Black points out that the docket indicates notice of the January 24, 2023 judgment was not printed until January 30, 2023. And, she claims—without reference to the record below—she did not receive this notice until February 9, 2023.[2] (Brief of Appellant at 7.) However, Ms. Black does not make any arguments regarding the propriety of the trial court's decision to dismiss her case for lack of subject-matter jurisdiction on appeal.

{¶ 18} Instead, Ms. Black argues the trial court's immediate dismissal of her case was improper because she claims notice of that judgment was not "sent within the court's regulations in a three-day time frame." (Sic.) (Brief of Appellant at 7.) Citing to App.R. 4(A)(3) and Civ.R. 5(B)(2)(d) as support, Ms. Black contends the trial court was required to keep the case below open after it entered a judgment ordering the case to be dismissed. (*Id.*) We disagree.

{¶ 19} App.R. 4(A)(3) tolls the 30-day appeal period referenced in App.R. 4(A)(1).[3] Although App.R. 4(A)(1) generally requires a party's notice of appeal to be filed within 30 days of a trial court's entry of the final judgment sought to be appealed, that period is tolled in civil cases where "the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B)[]" and does not "begin to run [until] the date when the clerk actually completes service." App.R. 4(A)(3).

{¶ 20} Ms. Black's reliance on App.R. 4(A)(3) is not well-taken because nothing in the rule requires the trial court to do anything, much less what Ms. Black contends was required here. The Ohio Rules of Appellate Procedure "govern procedure in appeals to ***courts of appeals*** from the trial courts of record in Ohio." (Emphasis added.) App.R. 1(A). Thus, App.R. 4(A)(3) has no bearing on the trial court in this case because the

---

[2] Nothing in the record before us affirmatively establishes when Ms. Black received this notice.

[3] App.R. 4(A)(1) requires a party's notice of appeal to be filed within 30 days of entry of the final judgment sought to be appealed.

court of common pleas is not subject to the appellate rules. Further, App.R. 4(A)(3) does not dictate when a trial court's notice of a final judgment must be mailed to or served on a party; it relates to the timeframe during which an appealing party must file their notice of appeal.

{¶ 21} Applying App.R. 4 here, Ms. Black was required to file her notice of appeal by February 23, 2023—30 days after the trial court's January 24, 2023 judgment was entered. App.R. 4(A)(1). However, assuming she was not served with notice of that judgment until February 9, 2023, Ms. Black's notice of appeal had to be filed by March 13, 2023. App.R. 4(A)(3); App.R. 14(A). Since Ms. Black's notice of appeal was successfully filed on March 1, 2023 and ODDD does not argue such filing was untimely on appeal, any delayed mailing by the lower court has had no impact on Ms. Black's ability to pursue this appeal. And, even more significantly, any such delay has no bearing on the validity of the trial court's January 24, 2023 judgment ordering the dismissal of her case.

{¶ 22} For similar reasons, Ms. Black's reliance on Civ.R. 5(B)(2)(d) as support for her sole assignment of error is likewise not compelling. Civ.R. 5(B)(2) generally describes the methods by which a document in a civil case may be served. In her brief, Ms. Black references "three calendar days" language included in one of those six methods: commercial carrier delivery. (*See* Brief of Appellant at 7.) However, the clerk is permitted to serve the parties with the trial court's judgment in ***any manner*** prescribed by Civ.R. 5(B). *See* Civ.R. 58(B). Thus, Ms. Black's argument relating to just one of those permissible methods is not well-taken. More pointedly, Civ.R. 58(B) requires the clerk to "serve the parties in a manner prescribed by Civ.R. 5(B)" "[w]ithin three days of entering the judgment upon the journal." However, as already described above, App.R. 4(A)(3) provides litigants with an accommodation when the clerk fails to do so.

{¶ 23} For these reasons, the arguments and legal authority presented in Ms. Black's merit brief do not support her contention that the trial court erred in dismissing the case below.

## C. The Trial Court's Dismissal for Lack of Subject-Matter Jurisdiction

{¶ 24} Before turning to the merits of the trial court's dismissal for lack of subject-matter jurisdiction, we note that Ms. Black's brief does not comply with App.R. 16(A)(7). App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the

contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Ms. Black's brief does not satisfy this requirement because it fails to provide any cognizable argument or legal authority to support her contention that the trial court erred in dismissing her administrative appeal for lack of subject-matter jurisdiction pursuant to R.C. 119.12.

{¶ 25} Based on Ms. Black's failure to comply with App.R. 16(A)(7), we could disregard and summarily overrule her sole assignment of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2. However, notwithstanding the deficiencies in Ms. Black's brief, and in the interests of justice, we will review the propriety of the trial court's rulings in its January 24, 2023 judgment entry. *See, e.g.*, *Angus* at ¶ 11; *In re Guardianship of Williams*, 8th Dist. No. 110781, 2022-Ohio-617, ¶ 31.

### 1. Standard of Review

{¶ 26} A trial court's decision to dismiss an administrative appeal brought pursuant to R.C. 119.12 for lack of subject-matter jurisdiction is a question of law. *Cyr v. State Med. Bd. of Ohio*, 10th Dist. No. 21AP-273, 2022-Ohio-25, ¶ 8, citing *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 12, citing *Daniel v. Williams*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, ¶ 9, citing *Ford v. Tandy Transp., Inc.*, 86 Ohio App.3d 364, 375 (4th Dist.1993). Accordingly, we review a trial court's dismissal of an administrative appeal for lack of subject-matter jurisdiction de novo. *Id.* "De novo review means that we apply the same standards as the trial court." *Neinast v. Ohio Expositions Comm.*, 10th Dist. No. 09AP-349, 2009-Ohio-4850, ¶ 5, citing *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, ¶ 16 (2d Dist.).

{¶ 27} Subject-matter jurisdiction refers to the statutory or constitutional power of a court to hear a case. *See, e.g.*, *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5; *Cyr* at ¶ 8. In the context of administrative appeals, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9, quoting Ohio

Constitution, Article IV, Section 4(B). Accordingly, a trial court lacks subject-matter jurisdiction over an administrative appeal " 'unless granted by R.C. 119.12 or other specific statutory authority.' " *Cyr* at ¶ 8, quoting *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996).

### 2. Law and Analysis

{¶ 28} R.C. 119.12(D) provides, in relevant part:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, ***notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order*** as provided in this section.

(Emphasis added.)

{¶ 29} It is well-established in Ohio that a party's failure to comply with the time requirements for filing a notice of appeal from an agency order set forth in R.C. 119.12(D) deprives the common pleas court of jurisdiction and is fatal to the administrative appeal. *Cyr* at ¶ 10, citing *Jones v. Ohio Motor Vehicle Dealers Bd.*, 10th Dist. No. 12AP-785, 2013-Ohio-1212, ¶ 8, citing *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 307 (1987). (Further citations omitted.) Accordingly, a litigant's failure to meet the 15-day filing deadline set forth in R.C. 119.12(D) " 'will result in dismissal of the untimely appeal, as it precludes jurisdiction in the trial court.' " *Cyr* at ¶ 10, quoting *Austin v. Ohio FAIR Plan Underwriting Assn.*, 10th Dist. No. 10AP-895, 2011-Ohio-2050, ¶ 6, citing *Thompson & Ward Leasing Co., Inc. v. Ohio State Bur. of Motor Vehicles*, 10th Dist. No. 08AP-41, 2008-Ohio-3101, ¶ 10. *See also L & F Tavern, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-873, 2010-Ohio-1025, ¶ 16 ("There is no question that a party must comply strictly with the filing requirements prescribed in R.C. 119.12 and that these requirements are jurisdictional. Both the Supreme Court of Ohio and this court have stated repeatedly that failure to comply with these requirements deprives the trial court of jurisdiction.").

{¶ 30} In this case, the trial court did not err in dismissing Ms. Black's administrative appeal for lack of subject-matter jurisdiction pursuant to R.C. 119.12(D). Ms. Black was notified of the director's February 17, 2022 adjudication order in two letters sent by ODDD. It is true the first letter, dated February 17, 2022, was not successfully delivered. (*See* Record of Proceedings at Ex. 4; Record of Proceedings at Ex. 5.) But, it is undisputed Ms. Black received the second letter, dated September 22, 2022, on or around October 5, 2022. (*See* Record of Proceedings at Ex. 6; Record of Proceedings at Ex. 7.)

{¶ 31} To commence an administrative appeal from that order in the trial court, Ms. Black was required to file a notice of appeal with the court and serve ODDD with a copy of that notice by October 7, 2022. *See* R.C. 119.12(D). However, she did not file a notice of appeal with either the court or ODDD until November 29, 2022. Accordingly, Ms. Black failed to properly invoke the jurisdiction of the trial court. Without such proper invocation of the trial court's jurisdiction, it had neither the discretion nor the power to reach any issues regarding the validity of the adjudication order from which Ms. Black sought to appeal.

{¶ 32} The trial court also found that Ms. Black failed to "set forth the order appealed from" in her belatedly filed notice of appeal, as required by R.C. 119.12(D), and did not exhaust her available administrative remedies—to wit, the adjudication hearing she was entitled to request—prior to seeking judicial review. However, because failure to file a timely notice of appeal with both ODDD and the trial court is, itself, fatal to a common pleas court's jurisdiction over an administrative appeal brought pursuant to R.C. 119.12, and having already found Ms. Black did not timely file her notice of appeal under R.C. 119.12(D), we need not address the trial court's additional grounds for dismissing this case. This is particularly true since Ms. Black presented no arguments on appeal regarding the validity of the trial court's dismissal for lack of subject-matter jurisdiction.

{¶ 33} Accordingly, Ms. Black's sole assignment of error is overruled.

## III.  CONCLUSION

{¶ 34} Having overruled Ms. Black's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.

———————————