[Cite as *Knight & Day Childcare Too v. Ohio Dept. of Job & Family Servs.*, 2024-Ohio-3199.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Knight and Day Childcare Too, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 23AP-577 |
| | : | (C.P.C. No. 23CV-2844) |
| Ohio Department of Job and Family Services, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on August 22, 2024

---

**On brief:** *David L. Engler*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Samantha V. Rupp*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Knight and Day Childcare Too ("Knight and Day"), appeals the judgment of the Franklin County Court of Common Pleas, granting defendant-appellee, Ohio Department of Job and Family Services' ("ODJFS"), motion to dismiss. For the following reasons, we affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Knight and Day is a Type A Home Provider childcare program in Jefferson, Ohio, Ashtabula County, that is owned and operated by Tracey Knight.

{¶ 3} On September 22, 2022,[1] ODJFS sent a notice informing Knight and Day that the agency was proposing to enter an adjudication order to revoke its Type A Home Provider license. The notice listed a number of violations, including: employees that were near children without the requisite preliminary approval from ODJFS, background checks

---

[1] The letter was dated September 21, 2022.

were not requested for several childcare staff members, Knight and Day exceeded its license capacity and ratio of staff to children, and a child was left unattended and unsupervised outside the home. The notice also stated that Knight and Day had an opportunity to request a hearing on the proposed license revocation within 30 days of the date of the mailing of the notice.

{¶ 4} Following receipt of the notice, Knight spoke with an ODJFS employee who mistakenly informed her that she had until October 29, 2022 to file her request for a hearing on the license revocation. On October 27, 2022, Knight and Day requested, via email, an administrative hearing regarding its license.

{¶ 5} On November 2, 2022, ODJFS denied Knight and Day's request for a hearing because the request was made after the 30-day deadline.

{¶ 6} On January 19, 2023, Knight and Day sent a letter to ODJFS requesting that the agency reconsider its November 2, 2022 decision. Knight and Day argued that the agency should reconsider its decision under the principle of equitable estoppel, because an ODJFS employee had mistakenly informed Knight that her request for a hearing was not due until October 29, 2022, and Knight had relied on that information. Knight and Day also argued the agency should reconsider its denial due to excusable neglect. Knight and Day argued that its request for a hearing was late due to an employee of Knight and Day's counsel failing to inform counsel of the facts of Knight and Day's case but was not a complete disregard for the judicial system.

{¶ 7} On April 7, 2023, ODJFS mailed a letter to Knight and Day stating that the agency did not have the statutory authority to reinstate a revoked license. ODJFS stated that requests for a hearing must be filed within 30 days and that a timely request was not received.

{¶ 8} On April 21, 2023, Knight and Day filed an appeal with the Franklin County Court of Common Pleas under R.C. 119.12. In its notice of appeal, Knight and Day stated that it was appealing the final agency decision by ODJFS that was mailed on April 7, 2023.

{¶ 9} On August 28, 2023, the trial court concluded that it did not have subject-matter jurisdiction to hear the appeal because Knight and Day did not file its appeal in the common pleas court for the county where its business is located, as required under R.C.

119.12(A)(1). (Decision & Entry Granting Mot. of ODFJS to Dismiss at 4.) The trial court also found that Knight and Day's appeal was untimely. *Id.* at 5.

{¶ 10} On September 26, 2023, Knight and Day filed this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Knight and Day argues the following assignments of error:

> (1) The trial court erred in concluding that it did not have subject matter jurisdiction over this administrative appeal, and, therefore, granted the Ohio Department of Job and Family Services' Motion to Dismiss.
>
> (2) The trial court erred concluding that Knight and Day Childcare Too did not timely file its administrative appeal, and, therefore, granted the Ohio Department of Job and Family Services' Motion to Dismiss.
>
> (3) The trial court erred in deciding that Knight and Day Childcare Too was not entitled to have the Agency reconsider its denial of the request for a hearing.

## III.  LEGAL ANALYSIS

{¶ 12} In its first assignment of error, Knight and Day argues that the trial court erred in determining it did not have subject-matter jurisdiction over Knight and Day's appeal under R.C. 119.12. A trial court's decision to dismiss an administrative appeal brought pursuant to R.C. 119.12 for lack of subject-matter jurisdiction is a question of law that we review de novo. *Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 12, citing *Daniel v. Williams*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, ¶ 9, citing *Ford v. Tandy Transp., Inc.*, 86 Ohio App.3d 364, 375 (4th Dist.1993).

{¶ 13} "Subject-matter jurisdiction involves ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-599, 2019-Ohio-767, ¶ 4, quoting *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. It is axiomatic that a tribunal must have subject-matter jurisdiction before it can consider the merits of a controversy. *Turner v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-568, 2008-Ohio-6608, ¶ 9.

{¶ 14} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. Thus, "a statutory requirement for appealing an administrative order to a specific court is a matter of subject-matter jurisdiction and not venue." *Greater Dayton Regional Transit Auth. v. State Emp. Relations Bd.*, 10th Dist. No. 14AP-876, 2015-Ohio-2049, ¶ 40 (finding the R.C. 4117.13(D) requirement that a party file an appeal from an order of the State Employment Relations Board "to the court of common pleas of any county where the person transacts business relate[d] to subject-matter jurisdiction and not venue"). *See also Calo v. Ohio Real Estate Comm.*, 10th Dist. No. 10AP-595, 2011-Ohio-2413, ¶ 38 (stating that, as the appellant sought to appeal an agency's order "under the provisions of R.C. 119.12," his rights were "as set forth in the statute, and he must comply with the terms of the statute to perfect his appeal, including the county where the appeal is filed").

{¶ 15} Here, the trial court looked to R.C. 119.12(A)(1)[2] to determine whether it had subject-matter jurisdiction over Knight and Day's appeal. R.C. 119.12(A)(1) states:

> [A]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or *denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license*, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code may appeal from the order of the agency *to the court of common pleas of the county in which the place of business of the licensee is located* or the county in which the licensee is a resident.

(Emphasis added.)

{¶ 16} Knight and Day argues that R.C. 119.12(A) is not the appropriate jurisdictional statute. Since it is challenging a procedural issue, namely ODJFS's denial of a hearing, Knight and Day contends that the trial court erred by not applying R.C. 119.12(B), which states that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin [C]ounty." R.C. 119.12(B).

---

[2] R.C. 119.12 was amended in 2023 by S.B. 21 and H.B. 33. The text of the statute cited herein, and as analyzed by the trial court, is the statutory language that was in effect at the time of the trial court's decision.

{¶ 17}  Knight and Day argues it was denied a hearing regarding the revocation of its license.  In other words, the denial of the hearing related to the adjudication regarding Knight and Day's license.  Therefore, R.C. 119.12(A) applies, and we agree with the trial court that it lacked subject-matter jurisdiction over Knight and Day's appeal.  The parties do not dispute that Knight and Day is located in Ashtabula County, not in Franklin County.  Therefore, under R.C. 119.12(A), Knight and Day was required to file its administrative appeal in the Ashtabula County Court of Common Pleas.  Having instead filed in Franklin County, Knight and Day did not perfect its appeal in accordance with R.C. 119.12.

{¶ 18}  Because we have concluded that the trial court did not possess subject-matter jurisdiction to hear Knight and Day's appeal, we decline to address Knight and Day's second and third assignments of error.

## IV.  CONCLUSION

{¶ 19}  For these reasons, we overrule Knight and Day's first assignment of error, decline to address its second and third assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, JAMISON, and BOGGS, JJ., concur.