[Cite as *Taylor v. Ohio Dept. of Pub. Safety*, 2025-Ohio-482.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN PAUL TAYLOR | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Appellant | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| OHIO DEPARTMENT OF<br>PUBLIC SAFETY, BMV | Case No. CT2024-0131 |
| Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County<br>Court of Common Pleas, Case No.<br>CF2024-0082 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 12, 2025 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellant | For Appellee |
| BRIAN W. BENBOW<br>803 Taylor Street<br>Zanesville, Ohio 43701 | DAVE YOST<br>Attorney General of Ohio<br><br>BRITTANY N. COLLINS<br>Assistant Attorney General<br>Executive Agencies Section<br>30 East Broad Street, 26th Floor<br>Columbus, Ohio 43215 |

*Hoffman, J.*

**{¶1}** Appellant Norman P. Taylor appeals the October 31, 2024 Decision entered by the Muskingum County Court of Common Pleas, which dismissed his administrative appeal from the suspension of his commercial driver's license issued by appellee Ohio Department Public Safety, Bureau of Motor Vehicles ("BMV"), for lack of subject matter jurisdiction.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant holds a commercial driver's license.  On July 19, 2023, the BMV sent Appellant a Notice of Suspension of Driving and Registration Privileges, informing Appellant his commercial driver's license was indefinitely suspended due to his failure to appear or comply with a court order.  The Notice advised Appellant the suspension commenced on July 13, 2023, and would remain in effect until he satisfied all court orders and requirements. The Notice was mailed to Appellant at 1009 Lindberg Avenue, Zanesville, Ohio.  The Lindberg Avenue address was the address Appellant had last reported to the BMV.  The Notice was returned to the BMV by the United States Post Office Service as "NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD."

**{¶3}** On January 4, 2024, the Public Utilities Commission of Ohio ("PUCO") reported to the BMV Appellant had been convicted of driving under suspension on January 2, 2024, with July 19, 2023, as the date of the offense.  On January 10, 2024, the BMV sent Appellant a Notice of Disqualification and Opportunity for Hearing. The Notice was also mailed to the 1009 Lindberg Avenue, Zanesville, Ohio address, which remained the address Appellant had last reported to the BMV.  The Notice advised Appellant the BMV would disqualify Appellant's commercial driver's license due to the reported conviction, in accordance with R.C. 4506.16.  The Notice informed Appellant he

had the opportunity to request a hearing to contest the suspension within thirty (30) days. The Notice was returned to the BMV by the United States Post Office Service as "NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD."

**{¶4}** After Appellant failed to request a hearing, the BMV issued a Final Order of Disqualification on February 14, 2024. Appellant filed a timely notice of appeal from the Final Order to the Muskingum County Court of Common Pleas. After the record was transmitted, the parties filed a joint motion for scheduling order. The trial court issued a judgment entry setting the briefing schedule on July 19, 2024. The parties filed their respective briefs as scheduled.

**{¶5}** Via Decision filed October 31, 2024, the trial court dismissed Appellant's appeal as untimely. The trial court found Appellant failed to file a notice of appeal with the BMV within the time prescribed by R.C. 119.12(D). The trial court further found, as a result of Appellant's failure to file a notice of appeal with the BMV, the court lacked subject matter jurisdiction.

**{¶6}** It is from this decision Appellant appeals, raising the following assignments of error:

I. AS A MATTER OF LAW, THE TRIAL COURT'S DECISION IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE. THE TRIAL [SIC] COMMITTED PREJUDICIAL ERROR BY ISSUING AN INCORRECT LEGAL CONCLUSION THAT APPELLANT FAILED TO APPEAL HIS ADMINISTRATIVE LICENSE SUSPENSION IN A TIMELY MANNER.

II. THE STATE OF OHIO FAILED TO PROPERLY NOTIFY APPELLANT OF HIS LICENSE SUSPENSION IN VIOLATION OF DUE PROCESS GUARANTEED BY THE OHIO AND FEDERAL CONSTITUTIONS WHEN THE STATE OF OHIO HAD CLEAR UNCONROVERTD [SIC] EVIDENCE IN ITS POSSESSION THAT THE STATE WAS USING AN INCORRECT MAILING ADDRESS THAT THE STATE INTENTIONALLY CHOSE TO IGNORE. AS SUCH, THE APPEAL TIME NEVER BEGAN TO RUN AND THE LICENSE SUSPENSION NEVER TOOK EFFECT. ANY ADMINISTRATIVE LICENSE SUSPENSION WAS ACCORDINGLY VOID *AB INITIO*.

III. SHOULD THIS COURT FIND THAT APPELLEE WAS NOT REQUIRED TO ACTUALLY SERVE APPELLANT DUE TO THE BMV REGULATIONS, SAID REGULATIONS VIOLATE THE OHIO AND FEDERAL CONSTITUTIONS.

*Standard of Review*

{¶7}    R.C. 119.12 grants a right of appeal to the common pleas court to "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication." R.C. 119.12(A). The statute further provides, "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after" the mailing of the notice of the agency's order as provided in this section. R.C. 119.12(D).

{¶8}    A trial court's decision to dismiss an administrative appeal brought pursuant to R.C. 119.12, for lack of subject-matter jurisdiction presents a question of law which we

review de novo. *Cyr v. State Med. Bd. of Ohio*, 2022-Ohio-25, ¶ 8 (10th Dist.), citing *Nkanginieme v. Ohio Dept. of Medicaid*, 2015-Ohio-656, ¶ 12 (10th Dist.).

I.

**{¶9}** In his first assignment of error, Appellant challenges the trial court's dismissal of his administrative appeal for lack of subject matter jurisdiction. Specifically, Appellant asserts, because the BMV failed to comply with the requirements of R.C. 119.09 for proper service, the 15-day appeal period prescribed in R.C. 199.12 had not commenced; therefore, his appeal was timely filed with the trial court.

**{¶10}** Our threshold inquiry is whether the BMV properly served Appellant with notice of the Final Order of Disqualification thereby triggering the 15-day appeal period.

**{¶11}** R.C. 119.07 sets forth the notice and publication requirements for administrative agencies. However, R.C. 119.062 exempts the BMV from the registered mail and notice requirements of R.C. 119.07. R.C. 4501.022 permits the BMV to establish its own procedure for proper notice to individuals whose licenses are revoked or suspended, and provides:

> The registrar of motor vehicles shall determine the necessary or appropriate method by which written notice of an order revoking or suspending a * * * commercial driver's license * * * may be provided to the person holding the license * * *
>
> Pursuant to rules adopted by the registrar, the bureau of motor vehicles shall implement proof of mailing procedures to provide verification that written notice of an order revoking or suspending a motor vehicle

driver's or commercial driver's license * * * was sent to the person holding the license * * *.

R.C. 4501.022.

**{¶12}** Moreover, "[u]nless a different method is specified by law, the registrar of motor vehicles shall give written notice of any order revoking, canceling, or suspending * * * a commercial driver's license * * * by regular mail sent to the person at the person's last known address as determined in accordance with this rule." Ohio Adm.Code 4501:1-10-01(A).

**{¶13}** Proof of the mailing of a written notice of any order must made in accordance with Ohio Adm. Code 4501:1-10-2, which provides, in relevant part:

The giving of written notice is presumed complete upon the deposit of the written notice from the United States postal service. Actual receipt by the addressee is not required if the bureau of motor vehicles has complied with rule 4501:1-10-01 of the Administrative Code and this rule.

The record of the deposit received from the United States postal service maintained by the bureau of motor vehicles in accordance with paragraph (B) of this rule or a copy thereof authenticated in accordance with section 4501.34 of the Revised Code shall constitute proof of mailing of the written notice of the order. *          * *

OAC 4501:1-10-02.

**{¶14}** Upon review of the record, we find the BMV sent Appellant the Final Order of Disqualification in accordance with R.C. 4501.022 and OAC 4501:1-10-02. The BMV sent the Final Order by regular mail to Appellant's last known address, to wit: 1009 Lindberg Avenue, Zanesville, Ohio. Appellant argues the BMV was responsible for updating his address after receiving a notice from the Zanesville Municipal Court which showed a different address from the one Appellant provided to the BMV. We disagree.

**{¶15}** As the holder of a commercial driver's license, Appellant is subject to R.C. 4506.14, which provides, in pertinent part:

Each person licensed as a driver under this chapter shall notify the registrar of any change in the person's address within ten days following that change. The notification shall be in writing on a form provided by the registrar and shall include the full name, date of birth, license number, county of residence, social security number, and new address of the person.

R.C. 4506.14(D).

**{¶16}** Appellant failed to notify the BMV of his address change. The BMV properly sent the Final Order of Disqualification to the last known address on file which Appellant had provided. *Accord, Dingey v. Registrar, Ohio Bur. of Motor Vehicles*, 2019-Ohio-3338 (5th Dist.). Appellant cannot use his failure to do that which he was statutorily required to do as a means to circumvent the timely filing of his administrative appeal.

**{¶17}** Upon review, we find the trial court correctly determined Appellant failed to exhaust his administrative remedies. We further find the trial court properly dismissed Appellant's appeal for lack of subject matter jurisdiction.

**{¶18}** Appellant's first assignment of error is overruled.

II

**{¶19}** In his second assignment of error, Appellant asserts the manner in which the BMV served notice of the order suspending his commercial driver's license violated his due process rights. Appellant submits, "[t]he regulations regarding ordinary mail service are Unconstitutional [sic] both on their face and as applied herein." Brief of Appellant at p. 20. We disagree.

**{¶20}** The constitutionality of a statute is a question of law which we review de novo. *Cleveland v. State*, 2019-Ohio-3820, ¶ 15. Enactments of the General Assembly enjoy a strong presumption of constitutionality. (Citation omitted.) *State v. Romage*, 2014-Ohio-783, ¶ 7. "[T]he party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional." (Citation omitted.) *Dayton v. State*, 2017-Ohio-6909, ¶ 12.

**{¶21}** In determining the constitutionality of a legislative act, this Court must first determine whether the party is challenging the act on its face or as applied to a particular set of facts. *Yajnik v. Akron Dept. of Health, Hous. Div.,* 2004-Ohio-357, ¶ 14. An "as applied" challenge asserts a statute is unconstitutional as applied to the challenger's particular conduct. *Columbus v. Meyer,* 2003-Ohio-1270, ¶ 31 (10th Dist.). In contrast, a facial challenge asserts a law is unconstitutional as applied to the hypothetical conduct of a third party and without regard to the challenger's specific conduct. *Id.* To succeed in a

typical facial attack, the challenger would have to establish "that no set of circumstances exists under which [the definition] would be valid." (Citation omitted.) *Corsi v. Ohio Elections Comm.*, 2012-Ohio-4831, ¶ 11.

**{¶22}** "The fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." (Citations omitted.) *In re B.C.*, 2014-Ohio-4558, ¶ 17. "In the due process context, reasonable notice means 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " (Citations omitted.) *Dean v. Ohio Dept. of Mental Health & Addiction*, 2018-Ohio-3159, ¶ 25 (5th Dist.).

**{¶23}** Pursuant to R.C. 4501.022, the BMV has an established procedure for providing proper notice to individuals whose licenses are revoked or suspended. The statute also requires the BMV to document proof of mailing of any such notice and to mail the notice to the last known address of the individual. An individual holding a commercial driver's license is also subject to statutory procedures. In this case, the responsibility of notifying the BMV of any address change. R.C. 4506.14(D). These formalities are reasonably calculated to apprise the interested party of a proposed revocation or suspension and the procedure for requesting a hearing to challenge such penalty.

**{¶24}** We find Appellant has failed to prove beyond a reasonable doubt the BMV's statutory mailing procedure is unconstitutional as applied or on its face. The statutory mailing procedure is reasonably calculated to apprise an individual of the pending revocation or suspension and affords an opportunity to be heard.

**{¶25}** Appellant's second assignment of error is overruled.

**{¶26}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Baldwin, P.J.

King, J.  concur