[Cite as *Boehm v. Ohio Dept. Pub. Safety*, 2025-Ohio-5092.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

DAVID BOEHM,                              :

    Appellant,                         :

vs.                                       :

OHIO DEPARTMENT OF PUBLIC                 :
SAFETY,

    Appellee.                          :

                                 :

CASE NO. CA2025-07-050

OPINION AND
JUDGMENT ENTRY
11/10/2025

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2025 CVF 00774

David Boehm, pro se.

Dave Yost, Ohio Attorney General, and William J. Kovaleski, Assistant Attorney General, for appellee.

**O P I N I O N**

**PIPER, J.**

{¶ 1}  Appellant, David Boehm, appeals the decision of the Clermont County Court of Common Pleas granting the motion to dismiss for lack of subject-matter jurisdiction

filed by appellee, Ohio Department of Public Safety ("ODPS").[1] For the reasons outlined below, we affirm the common pleas court's decision.

**Facts and Procedural History**

{¶ 2}   On April 30, 2025, ODPS issued an adjudication order revoking Boehm's private investigator and security guard provider registration. Boehm desired to appeal ODPS' adjudication order. To perfect such an appeal, Boehm was required to file a notice of appeal with both ODPS and the common pleas court within 15 days after the service of the notice of ODPS' adjudication order had been completed. This requirement is set forth in R.C. 119.12(D).[2] There is no dispute that Boehm was served with the notice of ODPS' adjudication order on May 1, 2025. This established the deadline for Boehm to file his notice of appeal with ODPS and the common pleas court as May 16, 2025.

{¶ 3}   On May 13, 2025, Boehm filed a notice of appeal with ODPS. That same day, Boehm submitted a notice of appeal to the common pleas court's clerk for filing. Boehm, however, did not pay the clerk the necessary filing fee as required by the common pleas court's local rules.[3] This resulted in the clerk rejecting Boehm's notice of appeal for filing on that day. Over a week later, and upon Boehm paying the necessary filing fee, the common pleas court's clerk accepted and filed Boehm's notice of appeal. This took place on May 21, 2025. This was five days after the 15-day deadline to file his notice of appeal

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

2. R.C. 119.12(D) provides that any party desiring to appeal an adjudicatory order revoking or suspending a license shall file a notice of appeal with both the agency that issued the order *and* to the appropriate court of common pleas.

3. The common pleas court's local rules state that "[n]o civil action or proceeding shall be accepted for filing by the Clerk unless there is deposited as security for costs the amount required as set forth in Appendix A." Clermont C.P., Gen Div., Loc.R. 2.1. To the extent that Boehm claims this rule does not apply to him, or that his appeal of ODPS' adjudicatory order does not constitute a "civil action," such arguments lack merit. *See* R.C. 119.12(M) (providing that "[t]he hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to a civil action").

had expired.

{¶ 4} On June 5, 2025, ODPS filed a motion to dismiss Boehm's appeal for lack of subject-matter jurisdiction. Boehm filed a memorandum in opposition to ODPS' motion to dismiss on June 10, 2025. The following week, on June 17, 2025, the common pleas court issued a decision granting ODPS' motion to dismiss. In so doing, the common pleas court determined that Boehm's attempt to file his notice of appeal with the court on May 13, 2025 was ineffective given his failure to pay the clerk the necessary filing fee as required by its local rules. The common pleas court found that only after Boehm had paid the clerk the necessary filing fee, on May 21, 2025, was his notice of appeal accepted for filing by the clerk.

{¶ 5} On July 14, 2025, Boehm filed a notice of appeal from the common pleas court's decision. Boehm's appeal was submitted to this court for consideration on October 16, 2025. Boehm's appeal now properly before this court for decision, Boehm has raised one assignment of error for review.

**Boehm's Single Assignment of Error**

{¶ 6} THE LOWER COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS ON THE BASIS OF SUBJECT MATTER JURISDICTION BY APPLYING THE WRONG RULES AND LAWS.

{¶ 7} In his single assignment of error, Boehm argues the common pleas court erred by granting ODPS' motion to dismiss his appeal of its adjudicatory order revoking his private investigator and security guard provider registration. More specifically, Boehm argues the common pleas court erred by finding it lacked subject-matter jurisdiction to proceed with his appeal from ODPS' adjudication order in accordance with R.C. 119.21(D). We disagree.

{¶ 8} "Subject-matter jurisdiction is a court's power over a type of case." *Pratts v.*

- 3 -

*Hurley*, 2004-Ohio-1980, ¶ 34. "It is axiomatic that a tribunal must have subject-matter jurisdiction before it can consider the merits of a controversy." *Knight & Day Childcare Too v. Ohio Dept. of Job & Family Servs.*, 2024-Ohio-3199, ¶ 13 (10th Dist.). A common pleas court's decision to dismiss an administrative appeal for lack of subject-matter jurisdiction presents a question of law that we review de novo. *Taylor v. Ohio Dept. of Pub. Safety*, 2025-Ohio-482, ¶ 8 (5th Dist.). De novo means that this court uses the same standard that the common pleas court should have used. *W. Environmental Corp. of Ohio v. Hardy Diagnostics*, 2024-Ohio-3051, ¶ 23 (12th Dist.).

{¶ 9} "A party appealing an administrative order must strictly comply with the jurisdictional filing requirements prescribed in R.C. 119.12." *Nippon Sushi & Steak LLC v. Ohio Liquor Control Comm.*, 2024-Ohio-2341, ¶ 15 (10th Dist.). This includes the jurisdictional filing requirements set forth in R.C. 119.12(D). Pursuant to that statute, Boehm was required to file a notice of appeal with both ODPS and the common pleas court within 15 days after the service of the notice of ODPS' adjudication order was completed. There is no dispute that, in accordance with R.C. 119.12(D), Boehm was served with the notice of ODPS' adjudication order on May 1, 2025. However, although service had been completed on May 1, 2025, Boehm did not file a notice of appeal with the common pleas court's clerk until May 21, 2025. As noted above, this was five days after the 15-day deadline to file his notice of appeal had expired.

{¶ 10} This failure deprived the common pleas court of subject-matter jurisdiction to proceed with Boehm's appeal from ODPS' adjudicatory order revoking Boehm's private investigator and security guard provider registration. This is because, as it is now well established, "a party's failure to comply with the time requirements for filing a notice of appeal from an agency order set forth in R.C. 119.12(D) deprives the common pleas court of jurisdiction and is fatal to the administrative appeal." *Black v. Ohio Dept. of Dev.*

- 4 -

*Disabilities*, 2023-Ohio-3640, ¶ 29 (10th Dist.). Without proper invocation of the common pleas court's jurisdiction, the common pleas court lacked the authority to review the validity of ODPS' adjudication order that Boehm desired to appeal. *Id.* at ¶ 31. Therefore, finding no error in the common pleas court's decision to grant ODPS' motion to dismiss for lack of subject-matter jurisdiction, Boehm's single assignment of error lacks merit and is overruled.

## Conclusion

{¶ 11} For the reasons outlined above, and having now overruled Boehm's single assignment of error, Boehm's appeal challenging the common pleas court's decision granting ODPS' motion to dismiss for lack of subject-matter jurisdiction is denied.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

---

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge